The opinion of the Court was delivered by
Withers, J.
The first question is, w;hether there was error in excluding an office copy of a deed of conveyance, purporting to have been made by Quinton Craig to Minor and James, his sons. James was alive,- and though absent for many years, no one knew where, he was, at and before the trial, in this State, resident in Richland District, and (it is said) was in the Court-house at the trial; but, perhaps, this latter fact is not properly in the case. He was not examined as to the loss of the original deed, nor was any inquiry made touching his possession or disposition of it. The answer to this is, that the defendant did not' know where James Craig was; that he had been absent long enough to raise the presumption of his death; and that he had no right to be alive, so far as the knowledge and conduct of the defendant are concerned.
*371 It will not do to push the presumption of one’s death to such extent as this. It is undoubtedly a presumption that may be rebutted — one that has been effectually rebutted, in this instance — and the evidence rebutting it, must be held to be as open to the knowledge of the defendant as to the plaintiffs. If Minor Craig had been sole grantee, we shall not say that the evidence of loss was not' sufficient. But James was as much entitled to the custody of the conveyance as the other, and for aught we can know, could have given as full and accurate account of it as the other, or may have been able to produce it. In consideration, that no information was adduced from him, we think all the evidence, that the circumstances of the case reasonably warranted, was not produced to show the loss; and, consequently, that the exclusion of the copy-deed, tendered in evidence, was proper. There is nothing in Turnipseed vs. Hawkins, 1 McC. 272, in conflict with this position. One, of several executors, in that case, had made “ diligent search” for the paper in question. This was held sufficient, though it did not appear that the other executors were examined or had searched for the paper. He could not have made" diligent search, unless he examined the papers of the testator, and if he had done that, it was of little consequence how many executors there were; for an examination by all would have been but a repetition of the same act, and would have afforded no new source of light, though the search might have been more severe. Whatever might be thought of the true import of the Act of 1731, as to office copies of deeds duly proved and recorded in the proper office, if the matter were of first impression, and notwithstanding the expression of individual opinion by the organ of the Court in Turnipseed vs. Hawkins, it is too late to question, that while the due probate and record of a conveyance of land imports that it existed, evidence, reasonable under the circumstances, that the original has been lost, is required by the course of our decision. Nor will it do to say, that such evidence of loss as may be inconvenient for a *372 party to produce, shall not be demanded; for in Floyd vs. Mintsey, 5 Rich. 371, it was required that the legal representatives of a grantee, who died in Alabama, should be examined as to the existence of the conveyance. It is true, however, that the conveyance then in question had not been put upon record. But a witness to the original was examined as a witness to the cause, and offered to state the contents.
The second question is, whether the copy-deed was admissible in evidence under the Act of 1843. For that purpose, thirty days’ notice is required. That was not given in this case, unless the unsuccessful effort to introduce a copy of the samé at the term of the Court next preceding should be regarded as notice equivalent to that required. We cannot so regard that transaction. It does not follow that what was attempted at the Court preceding will be done at another following. The scheme of defence, or of attack, may be recast for aught that can be known to the opposing party. It is well settled, that the Court will notice no alleged agreement or admission of counsel, resting in parol and disputed. It is of grave importance, that in matters of notice, as a condition for the admission of evidence, secondary in its nature, such notice should be certain, precise, and not open to denial or cavil. We think we usurp nothing of the legislative function, and shall promote the object of the Legislature, as well as good order and harmony among the profession, by declaring, that the “notice” required by the Act of 1843, is a notice in writing.
As to the questions arising upon evidence of the acts of Minor Craig, tending to import adverse possession, such as would authorize the presumption of. a grant, or as would invest him with the title under the Act of 1824, there is no room to question the instruction given to the jury upon those points — and an examination of the evidence quite satisfies this Court, that the jury could alone respond to the questions thus arising; that they alone could say, whether Minor Craig ever held adversely — if so, when such occupation began — -whether it *373 ended when Quinton, the father, went on. the locus in quo, in 1827-8, or ’30 — and it is manifest, there is ground enough of dispute upon this matter to make it clearly proper for this Court to leave the conclusion undisturbed.
The same remarks may be applied to the question arising from the matter of co-tenancy. The rule of law laid down as to this, is unobjectionable, and the facts were exclusively for the jury.
The question raised as to the form of the verdict, does not appear in the grounds of appeal. It is, therefore, grafted upon the last and sweeping one — which had as well carry all the other questions made in the case. Certainly specific points should be made in grounds of appeal; how else shall the Judge on Circuit make an intelligible report, or this Court entertain an adequate conception of what it is to consider and decide ? We are disposed to attribute little virtue to an appeal resting on a general complaint, that the “verdict was against law and evidence.” Accordingly, there is nothing in the report as to the form of the verdict; and from what we hear of it in statements at the bar, there seems to be no well founded exception to it.
The motion is dismissed.
O’Neall, Wardlaw, Whitner, G-loyer and Munro, JJ., concurred. •

Motion dismissed.